FAULKNER, Justice,
concurring specially-
Custom Farm Services brought suit under the common counts against the Foshees to collect a debt for fertilizer sold to them. Custom claimed interest under the so-called Mini-Code (Act 2052, Acts of Alabama 1971, Vol. IV, p. 3290) at the rate of U/2% per month or 18% per annum. The court allowed interest at V2% per month, or 6% per annum.
The pertinent part of the court’s judgment follows:
“There being no evidence tendered to the Court that any charge for merchandise was incorrect and there being no evidence tendered to the Court that the Defendants made any payments which were not credited on the ledger sheet, the Court is bound to have to accept and does accept as true all records of charges and payments as reflected upon ledger cards and there being evidence that some of the charges represented carrying charges or service charges of one and one-half percent (1V2%) per month and the Court being of the opinion that is an illegal interest rate and the Plaintiff is only entitled to interest at the rate of one-half (V2) of one percent per month. The Court computed its judgment by subtracting two-thirds (%) of all coded charges on said ledger leaving a total net balance of $44,-843.43.”
The record is devoid of any evidence of a contract for an open end credit plan. Moreover, there has been no compliance with § 7 of Act 2052.
Section 1(e) of the Act defines open end plan as follows:
“ ‘Open end credit plan’ refers to a plan prescribing the terms of credit transactions which may be made thereunder from time to time and under the terms of which a finance charge may be charged from time to time on an outstanding unpaid balance.”
Section 2(b) provides for the maximum finance charge (interest) for a debt created under an open end credit plan:
“If the debt is created under an open end credit plan, the maximum finance charge in connection therewith shall be one and one-half (1%%) percent per *1216 month on the unpaid balance from time to time thereunder.”
Section 7 states the condition with which a creditor must comply before bringing suit under the Act on any debt for collection:
“No creditor under this act shall bring suit on any debt for collection, and no judgment by default or otherwise shall be rendered until the creditor shall file an affidavit stating that (a) there has not been a violation of provisions of this Act, and (b) that the debtor (if a resident of this state) on information and belief of creditor is a resident of the county in which the suit is filed. If such violation exists or if the debtor is not a resident of the county in which suit is filed, the suit shall be abated.”
The trial judge was correct in holding that interest at the rate of 18% per annum charged the Foshees was illegal. At most, Custom Farm Services was entitled to the rate of interest fixed by T. 9, § 60, Code of Alabama 1940.